CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 6 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY PEREZ WELCH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No.: 7:19cv48 |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) By: Michael F. Urbanski |
| Defendant. | ) Chief United States District Judge |

## MEMORANDUM OPINION

Plaintiff Tony Perez Welch ("Welch"), filed this action pro se, on January 22, 2019, alleging multiple wrongs he claims were committed by the Veterans Affair Medical Center in Salem, Virginia ("Salem VAMC"). His allegations include medical battery, falsifying medical records, intentional infliction of emotion distress, and discrimination based on race, gender, and disability arising out of medical treatment he received at Salem VAMC from 2000 to 2015. ECF No. 1. The government moved to dismiss Welch's claims for lack of subject matter jurisdiction and for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). ECF No. 5. Welch subsequently moved for leave to file an amended complaint, ECF No. 14, and filed a motion for sanctions against the government for spoliation of evidence, ECF No. 21.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred both dispositive and non-dispositive matters to United States Magistrate Judge Robert S. Ballou. ECF No. 11. The magistrate judge dispensed with oral argument because he did not find it would aid the decisional process as regards the pending motions. On December 5, 2019, the magistrate

judge filed a report recommending the court grant the government's motion to dismiss and deny Welch's motion to amend the complaint. No objections were filed.

For the reasons stated below, the court will **ADOPT** the report and recommendation to the extent consistent with this opinion, **GRANT** the government's motion to dismiss, and **DENY** Welch's motion to amend the complaint. The court also **DENIES** Welch's motion for sanctions.

I.

As a preliminary matter, the magistrate judge found that Welch's claims must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1). Subject matter jurisdiction is a threshold issue. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95–102 (1998). A motion to dismiss for lack of subject matter jurisdiction should be granted if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In making this determination, the court can "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

**A. Sovereign Immunity**

The magistrate judge recommended that Welch's two intentional tort claims be dismissed for lack of lack subject matter jurisdiction on sovereign immunity grounds. Welch brings claims of "fraudulent concealment" of his medical condition as well as "assault" based on allegations of sexual harassment and battery. As an arm of the federal government, the Salem VAMC is subject to suit only if the federal government waives sovereign

immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941); FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Welch carries the burden of demonstrating unequivocal waiver of sovereign immunity. Welch v. United States, 409 F.3d 646, 650–51 (4th Cir. 2005).

The Federal Tort Claims Act contains a limited waiver of sovereign immunity. The FTCA waives the United States' sovereign immunity only to claims for personal injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The FTCA excepts from its waiver of sovereign immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The FTCA does not include in its waiver of liability intentional torts such as misrepresentation or "fraudulent concealment" nor does it cover assault by a physician, because a federal employee who commits assault would no longer be acting within the scope of her employment.[1] Therefore, the court agrees with the magistrate judge that it lacks subject matter jurisdiction to hear these claims.

### B. Administrative Exhaustion and Timeliness Under FTCA

Second, the magistrate judge found that for many of his claims, Welch has not satisfied the exhaustion requirements, requiring him to seek all available administrative remedies before turning to the judicial process. Under the FTCA, an individual must make

---

[1] The magistrate judge also made a finding that sovereign immunity barred Welch's claim of medical battery based on a lack of informed consent. The court declines to adopt this finding because the FTCA waives immunity for intentional torts against a health care employee if they arise out of a "wrongful act or omission" while that person is exercising their duties for the government. 38 U.S.C. § 7316(h). This claim is otherwise barred under 12(b)(6), addressed infra.

3

an initial presentation of his tort claim to the appropriate federal agency within two years of the accrual of the cause of action. See 28 U.S.C. § 2401(b). Welch initiated his claim against the VAMC by filing a Standard Form 95 "Claim for Damage, Injury, or Death" ("SF-95") with the U.S. Department of Veterans Affairs ("VA") on January 25, 2017. ECF No. 6-1 at 2. Welch presented several claims including: misdiagnosis of a skin condition, denial of medical treatment, treatment by an unqualified physician, and concealment or coverup of staff shortage. ECF No. 24, 7-9. The agency concluded no wrongdoing under the FTCA. ECF No. 6-2. However, Welch's March 26, 2018 motion for reconsideration of the agency decision raised a litany of new claims, including "'black box warning,' sexual harassment, privacy violations, and violations of sundry state and federal laws." ECF No. 6-3. The magistrate judge concluded that all claims not pled in an initial filing with the agency pursuant to the FTCA are barred for lack of subject matter jurisdiction.

Third, the magistrate judge found several of Welch's claims to be barred as untimely. The initial presentation requirement under the FTCA also serves as the statute of limitations dictating timeliness for tort actions against the government. This limitation cannot be tolled or waived, Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990), and accrues at the time of the plaintiff's injury. Id. at 747. A cause of action accrues under the FTCA when the plaintiff knows, or in the exercise of due diligence, should have known, of the existence of the injury and its cause. United States v. Kubrick, 444 U.S. 111, 123–25 (1979). A claim relating to medical treatment will accrue "even if the claimant does not know the precise medical reason for the injury, provided that he knows or should know that some aspect of the medical treatment caused the injury." Hahn v. United States, 313

4

Fed. Appx. 582, 585 (4th Cir. 2008). Accordingly, The magistrate judge found that Welch's claim of sexual harassment occurred in 2012. ECF No. 24, at 8. Additionally, he found that Welch's claim for intentional infliction of emotional distress occurred in 2001. Id. The court agrees with the magistrate judge that all claims arising out of injuries that occurred more than two years prior to the filing of Welch's SF-85 are barred for lack of subject matter jurisdiction.

### C. Expert Requirements Under VMMA

The magistrate judge found that the remaining claims Welch brings under the FTCA are barred by Virginia law. Welch's medical malpractice claims that remain fall under the Virginia Medical Malpractice Act ("VMMA"). These include misdiagnosis of his skin condition, denial of medical treatment, treatment by an unqualified physician, and concealment or cover up of staff shortage. ECF No. 24 at 9-11. The magistrate judge found that these allegations fall within the VMMA's definition of malpractice: "any tort action or breach of contract action for personal injuries or wrongful death, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Va. Code. Ann.§ 8.01-581.1.

For malpractice claims, the VMMA requires a plaintiff to obtain certification from an expert witness that his claim has merit before serving process on the defendant. Va. Code Ann. § 8.01-20.1. The failure to comply is fatal to the claim. See Moody v. DeJesus, No. 7:08cv432, 2009 WL 187682, at *2 (W.D. Va. Jan 23, 2009); Bond v. United States, No. 1:08cv324, 2008 WL 4774004, at *2–3 (E.D. Va. Oct. 27, 2008); Parker v. United States, 475 F.Supp.2d 594, 597 (E.D. Va. 2007), aff'd, 251 Fed. Appx. 818 (4th Cir. 2007). The limited

exception to this requirement involves theories of liability where the "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience" and is rarely applicable. Beverly Enterprises–Virginia v. Nichols, 247 Va. 264, 441 S.E. 2d 1 (1994) (applying the common knowledge exception where a nursing home failed to prevent the choking death of a patient when they had previously been warned that the patient needed assistance while eating). Welch failed to procure an expert, and the magistrate judge found that his claims of negligence do fall within the limited exception to the VMMA's requirements. ECF No. 24 at 10-11. The court agrees that the malpractice claims are barred for failure to comply with the requirements of the VMMA.

Accordingly, the court accepts the magistrate judge's conclusions regarding the lack of subject matter jurisdiction for the FTCA claims and **GRANTS** defendant's motion to dismiss as to these claims.

## II.

The magistrate judge also found that Welch's remaining claims were not sufficiently pled and should be dismissed under Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, Welch must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Therefore, in considering a motion to dismiss for failure to state a claim, the court must accept all factual allegations as true, draw reasonable inferences in favor of the non-moving party, and resolve all ambiguities in favor of the non-

moving party. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions are not afforded the presumption of truth. Iqbal, 556 U.S. at 678.

### A. Racial Discrimination under Title VI of the Civil Rights Act of 1964

The magistrate judge found that Welch failed to plead facts sufficient to make his claim of racial discrimination under the Civil Rights Act plausible. Welch alleges that he was "continually and persistently discriminated against ...based upon his race," by his Caucasian primary care doctor who deliberately gave false lab results, doctored his medical records, canceled necessary consultations, prolonged the delivery of timely medical care, and hid the diagnosis of numerous life-threatening illnesses. ECF No. 14-1 at 47.[2] Section 601 of Title VI of the Civil Rights Act of 1964 provides, "[n]o person in the United States shall, on the ground of race, color or national origin, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. To state a claim under Title VI, a plaintiff must allege facts showing that the defendant intentionally discriminated against him on the basis of race, color, or national origin, and that defendant receives federal financial assistance. Alexander v. Sandoval, 532 U.S. 275, 280 (2001). The magistrate judge found that Welch alleged no facts to support the claim he was intentionally mistreated because of his race, concluding that the complaint only made conclusory statements insufficient to meet this pleading standard. The court agrees. ECF No. 24 at 11-13.

---

[2] The magistrate judge found that, construing the facts and making inferences in the light most favorable to Welch, this claim is not in fact time barred under the two year statute of limitations for Title VI claims. This court accepts the recommendation. ECF 24 at 12, fn 7.

7

## B. Disability Discrimination Section 504 of the Rehabilitation Act of 1973

The magistrate judge found that Welch failed to sufficiently plead his disability discrimination claim, brought under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). He claims he was "refused treatment and services that [were] ordinarily and regularly provided to other Veterans with similar injuries." ECF No. 14-1 at 52. In support, Welch notes that he was entitled to receive orthopedic inserts or shoes but "was refused and made fun of in his own medical records by the doctor who treated him." Id. at 53. Section 504 of the Rehabilitation Act of 1973 requires that any program or activity receiving federal financial assistance not discriminate based on disability. 29 U.S.C. § 794. To state a claim of discrimination under the Rehabilitation Act, a plaintiff must show that he or she was discriminated against solely based on a disability. Id. The magistrate judge found that Welch's recitation of facts fails to allege a qualifying disability or discrimination based upon a disability, even accepting the anecdote about orthotics as true. ECF No. 24 at 13-14.[3] The court agrees the disability discrimination claim was insufficiently pled.[4]

## C. Privacy Act

The magistrate judge found Welch failed to make a legally sufficient claim for violations of the Privacy Act, 5 U.S.C. § 522a. Welch alleged his medical records are incomplete or incorrect, ECF No. 14-1 at 7-9, and that their confidentiality was violated when a psychiatric intern allegedly shared their contents with his wife. Id. at 4. The Privacy

---

[3] Additionally, the Fourth Circuit has held that claims under § 504 are governed by a one-year statute of limitations in Virginia. Wolskey v. Med. Coll. of Hampton Roads, 1 F. 3d 222, 224–225 (4th Cir. 1993). The alleged orthotics incident occurred in 2000.

[4] Welch also includes a claim labeled "gender discrimination" under Title VI that relates to his sexual harassment complaint against a female doctor at the VAMC. ECF No. 14-1, p. 48. The complaint and amended complaint provide an insufficient factual basis to state a claim of gender discrimination. Further, the alleged harassment occurred outside of the applicable statute of limitations.

Act requires agencies "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). Individuals can request an amendment to the record and receive a prompt response. Id. Additionally, the Privacy Act prohibits the disclosure of records without an individual's consent, subject to certain exceptions. 5 U.S.C. § 552a(b).

To maintain a cause of action for violation of the maintenance provision of the Privacy Act, a plaintiff must allege sufficient facts to show (1) the agency's failure to maintain accurate records; (2) an adverse agency determination resulting from the inaccurate records; and (3) the willful or intentional quality of the agency's action. See Melvin v. Soc. Sec. Admin., 126 F.Supp.3d 584, 604 (E.D.N.C. 2015); White v. Office of Pers. Mgmt., 840 F.2d 85, 87 (D.C. Cir. 1988). To rise to the level of willful or intentional violations of the Act, the disclosures must be "grossly negligent, committed with flagrant disregard of the Plaintiff's rights, and without grounds for believing the disclosures to be lawful." Walker v. Gambrell, 647 F.Supp.2d 529, 538 (D. Md. 2009) (citing Scrimgeour v. Internal Revenue, 149 F.3d 318, 326 (4th Cir. 1998).

The magistrate judge concluded that "[e]ven if the court broadly construes Welch's claims to establish that the VA falsified his medical records willfully or intentionally, Welch fails to allege an adverse agency determination arising from the alleged inaccuracies in his records." ECF No. 24 at 14-16. Additionally, the magistrate judge found the allegations that the psychiatric intern wrongfully disclosed sensitive medical information to his wife are

9

barred under the one-year statute of limitations included in the Privacy Act. Id. The court adopts the magistrate judge's findings that Welch's Privacy Act claims fail to state a claim.

## III.

Welch has filed a motion for sanctions for alleged spoliation of evidence. ECF No. 21. Welch alleges that VAMC knowingly erased treatment records showing his adverse reactions to prescribed medications and treatments, altered his prescription history, and intentionally concealed certain aspects of his treatment and diagnosis by altering or erasing the relevant records. Id. Welch claims the destroyed information was wholly controlled by Salem VAMC, cannot be replaced, and was substantial to his ability to bring this action. Id. at 9.

Welch has not met the bar required to warrant an imposition of sanctions. "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct which abuses the judicial process." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). The party seeking sanctions must establish, inter alia, that the alleged spoliator had a duty to preserve the evidence. Turner v. United States, 736 F.3d 274, 282 (4th Cir. 2013). The court may infer spoliation from the absence, loss, or destruction of evidence only if it was relevant to an issue at trial and would "naturally have been introduced into evidence." Vodusek, 71 F.3d at 156. The negligent loss of evidence is insufficient. Id.

The VAMC responds to plaintiff's allegations with sufficient evidence demonstrating that Welch's claim of spoliation is meritless. First, they assert that none of the alleged alterations to electronic records were made, nor are such alterations possible within the

10

confines of the electronic management system ("EMS") used by the medical facility. ECF No. 23. Carolyn Gould and Tammy Kendrick, Salem VAMC employees familiar with the EMS system, provided sworn statements that no such alterations were made or even possible. ECF No. 23-1, 23-2. Second, Salem VAMC explains that to the extent documentation is missing prior to 2000 from his electronic medical record ("EMR"), "that is because prior to 2000, medical records were maintained in paper format." ECF No. 23 at 5-6. Third, Salem VAMC refutes the claim that the names and titles of Welch's physicians as well as references to his symptoms and diagnoses were altered in his EMR by producing records consistent with their account, contrary to Welch's allegations. Id. at 4-7. Finally, Salem VAMC asserts that the remaining allegations of spoliation are unsupported by any evidence produced by Welch and rely entirely on his conclusory statements. Id. The court agrees and finds that Welch's motion for sanctions for spoliation to be meritless as he failed to meet the standard for showing any instance of wrongful spoliation.

### IV.

The court **ADOPTS** the report and recommendation to the extent consistent with this opinion, **GRANTS** Salem VAMC's motion to dismiss, and **DENIES** Welch's motion for leave to amend the complaint as futile. The magistrate judge found Welch's amended complaint suffers from the same pleading defects as the original complaint. ECF No. 24 at 1. The court agrees. The court **DENIES** Welch's motion for sanctions as baseless.

An appropriate order will be entered this day.

Entered: 02-26-2020

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

11